[Cite as *State v. Rucker*, 2019-Ohio-5057.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO. 2019-P-0052 |
| SEABORN G. RUCKER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2018 CR 00933 C.

Judgment: Affirmed.

*Victor V. Vigluicci,* Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Dennis Day Lager,* P.O. Box 2452, North Canton, OH 44720 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Seaborn G. Rucker, appeals from the judgment of the Portage County Court of Common Pleas convicting him of aggravated possession of drugs. We affirm.

{¶2} On September 20, 2018, appellant was indicted on one count of aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(2)(C)(1)(c), a felony of the third degree; one count of aggravated possession of drugs, in violation of R.C. 2925.11(A)(C)(1)(b), a felony of the third degree; one count of possession of cocaine, in

violation of R.C. 2925.11(A)(C)(4), a felony of the fifth degree; one count of trafficking in counterfeit controlled substances, in violation of R.C. 2925.37(B), a felony of the fifth degree; and one count of possessing criminal tools, in violation of R.C. 2923.24(A)(C). Ultimately, appellant entered a plea of guilty to a felony-three aggravated possession of drugs. After a plea hearing, during which the trial judge engaged appellant in a thorough plea colloquy, the trial court accepted the plea. Later, appellant was sentenced to 30-months imprisonment.

{¶3} Appellant filed a notice of appeal and counsel was appointed. After reviewing the record, counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, asserting there were no meritorious issues for review and sought to withdraw.

{¶4} In *Anders,* the United States Supreme Court held that if appellate counsel, after a conscientious examination of the record, finds an appeal to be wholly frivolous, he or she should advise the court and request permission to withdraw. *Id.* at 744. This request to withdraw must be accompanied by a brief citing anything in the record that could arguably support an appeal. *Id.* Further, counsel must furnish his or her client with a copy of the brief and request to withdraw and give the client an opportunity to raise any additional issues. *Id.* Once these requirements have been met, the appellate court must review the entire record to determine whether the appeal is wholly frivolous. *Id.* If the court finds the appeal wholly frivolous, the court may grant counsel's motion to withdraw and proceed to a decision on the merits. *Id.* If, however, the court concludes the appeal is not frivolous, it must appoint new counsel for the client. *Id.*

{¶5} After appellate counsel filed the *Anders* brief, this court issued an order which afforded appellant the opportunity to file a brief. Appellant filed no brief. We shall

therefore proceed to conduct an independent review of the record, pursuant to *Anders*, *supra*.

{¶6} In this matter, appellate counsel's brief acknowledges the trial court complied with Crim.R. 11 and, as a result, there was nothing to indicate appellant's plea was not knowingly, intelligently, and voluntarily entered. We agree with counsel.

{¶7} Pursuant to Crim.R. 11(C)(2), when a defendant is pleading guilty to felony offenses the trial court must address the defendant personally and inform the defendant of various constitutional and non-constitutional rights prior to accepting his plea. The constitutional rights are set forth under Crim.R. 11(C)(2)(c): the trial court is to inform the defendant that by pleading guilty or no contest, he or she "is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

{¶8} At the plea hearing, the trial court engaged appellant and ascertained that he intended to enter into a plea of guilty on one count of aggravated possession of drugs, methamphetamine, a felony of the third degree. The court went on to advise appellant the constitutional rights he was waiving by pleading guilty; to wit: his right to a trial by jury; his right to have the state prove his guilt beyond a reasonable doubt as to each and every element of the offense charged; his right to confront and cross-examine witnesses against him; his right to compel witnesses to appear and testify on his behalf; and his right not to testify at trial. Appellant stated he understood the rights he was waiving.

3

{¶9} With respect to appellant's non-constitutional rights, the trial court advised appellant of the nature of the charge, the maximum penalty involved, including a mandatory fine, and that the charge carried a presumption of prison that could be overcome. The court also advised appellant, upon accepting the plea, it could proceed to sentence appellant to the maximum 36 months in prison. Appellant again stated he understood. The court concluded by accepting appellant's plea of guilty and found the plea was entered knowingly, voluntarily, and intelligently. We discern no error.

{¶10} Appellate counsel identifies two potential issues that arose during sentencing. First, he points out that the trial court made various findings on record relating to appellant's record and the circumstances of the case. Counsel asserts these findings could be seen as impermissible judicial factfinding in violation of the Sixth Amendment. Judicial factfinding, however, is only unconstitutional to the extent it is mandated by statute and authorizes a sentence greater than the maximum term authorized by a jury verdict or admission by a defendant. *See State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph one of the syllabus. Here, there is no such mandate and any findings made by the trial court were supplemental in nature; that is, they merely provided insight into why the judge selected the sentence she chose.

{¶11} Appellate counsel also contends the trial court did not specifically find that appellant failed to overcome the presumption in favor of prison. We discern no requirement in the sentencing scheme that would require such an overt finding. Implicit in the trial judge's statements on record is the recognition that, in light of appellant's failed screen, his previous record, and the circumstances surrounding the underlying charge, appellant did not rebut the presumption. We see no error.

4

{¶12} Moreover, a full review of the sentencing hearing fails to show any error or irregularity. After accepting the plea, the trial court released appellant on bond pending completion of a pre-sentence investigation. The court advised appellant:

{¶13} [T]his time that you are out on bond is going to tell me what I should do in terms of sentencing. So tomorrow morning, first thing, you need to show up at probation, get set up for your drug screens. If you test positive for any illegal substance or alcohol while you are out on bond, I will revoke your bond and hold you until sentencing. And your option - - or your opportunity, possibly, for community control will be out the window.

{¶14} At sentencing, the prosecutor advised the court that appellant had tested positive during a drug screen. And, although the state and defense counsel still jointly recommended community control, the trial court sentenced appellant to 30 months imprisonment. In doing so, the trial court explicitly considered the overriding purposes and principles of felony sentencing; it also considered the seriousness and recidivism factors. The court again noted there was a presumption in favor of prison and, in light of appellant's prior record, the positive screen, and the purposes and principles of sentencing, appellant failed to overcome the presumption. The sentence imposed was consistent with the law and we discern no error in its imposition.

{¶15} After an independent review of the record, we conclude the instant appeal is wholly frivolous. The judgment of the Portage County Court of Common Pleas is hereby affirmed and counsel's motion to withdraw is granted.


MATT LYNCH, J.,

MARY JANE TRAPP, J.,

concur.